United States District Court
Southern District of Texas
**ENTERED**
March 24, 2021
Nathan Ochsner, Clerk

| United States District Court | | Southern District of Texas |
|---|---|---|

| Conrell Hadley, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-20-2553 |
| | § | |
| The Bank of New York Mellon, et al., | § | |
| | § | |
| Defendants. | § | |

# Opinion on Summary Judgment

1. *Background.*

On October 21, 2004, Conrell Hadley signed a home equity loan with America's Wholesaler lender – which are now owned by The Bank of New York Mellon and Carrington Mortgage Services, LLC – for $72,000.

(a) July 15, 2010: after Hadley stopped making timely payments on the loan, the Bank sent him notices of default and acceleration.

(b) December 6, 2010: Hadley filed for chapter 13 bankruptcy to avoid the foreclosure. It was dismissed five months later.

(c) April 23, 2012: the Bank non-suited the foreclosure case – abandoning the 2010 acceleration.

(d) December 11, 2012: the Bank served a second notice of acceleration.

(e) March 2, 2015: Hadley again filed for chapter 13 bankruptcy. He did not list the property at issue. The case was dismissed two months later.

(f) January 20, 2016: the Bank sent a third notice of acceleration.

(g) June 13, 2016: the Bank applied for foreclosure for a second time.

(h) December 2, 2016: Hadley sued in state court to stop the foreclosure. The case was removed to this court – 4:17-cv-145 *Conrell Hadley v. Ditech Financial, LLC.*

(i) December 9, 2016: the third notice of acceleration was rescinded.

(j)  February 13, 2017: the federal court case, 17-cv-145, was dismissed with prejudice.

(k)  December 5, 2017: Hadley filed for chapter seven bankruptcy to stop a foreclosure on his property. He again did not list this property in his bankruptcy. The bankruptcy was discharged seven months later.

(l)  March 28, 2019: the Bank sent a fourth notice of acceleration.

(m)  February 12, 2020: the Bank applied for foreclosure again.

On June 26, 2020, Hadley sued (1) for a declaratory judgment that the statute of limitations to foreclose had expired and the 2004 deed of trust is void, and (2) for quiet title. The Bank has moved for summary judgment saying that these claims are barred by *res judicata* and that the prior notices of acceleration were all properly abandoned. The Bank will prevail.

2.  *Res Judicata.*

*Res Judicata* is the rule that precludes a case if: (a) the parties in the later action are functionally the same as those in the first; (b) the judgment in the first case was rendered by a court of competent jurisdiction; (c) a final judgment on the merits exists; and (d) the cases involve the same common nucleus of facts.[1] It bars claims that either have been litigated or should have been raised in the first case.[2]

As trustee and mortgage servicer, the Bank and Ditech are clearly in privity with each other. This court was of competent jurisdiction for the 2017 case as it raised federal questions. The 2017 case was dismissed with prejudice, so it is a final judgment on the merits.

In this case, Hadley – for the first time – raises the four-year statute of limitations to foreclose after issuing a notice of acceleration. He says that limitations expired on July 15, 2014, as the 2010 acceleration was not properly abandoned. Both this case and the 2017 case are challenges to the enforcement

---

[1] *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

[2] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

of the same lien that secures the same loan on the same property. He alleges the limitations accrued over two years before he filed the 2017 case. He had every opportunity to raise this issue in the 2017 case, and he should have then.

This lawsuit is nothing more than another baseless attack in Hadley's malicious onslaught to stop the foreclosure of the property when *he* has not properly paid *his* loan.

Because the statute of limitations issue is barred by *res judicata,* and it is the sole basis for his declaratory judgment claim, it is barred.

3.  *Quiet Title.*

To quiet title, Hadley must have a superior claim to the property. He claims that the Bank's lien is invalid because the statute of limitations to foreclose had expired as the 2010 acceleration was not properly rescinded. He gives no evidence to support this assertion. Hadley attempts to shift the burden of proof to the Bank. He has the burden to prove the facts of his claim. He has claims not facts.

Non-suiting the 2012 foreclosure action effectively abandoned the 2010 acceleration.[3] The 2012 and 2016 acceleration were rescinded by letter before the limitations period expired and by sending bills seeking less than the accelerated amount.[4] The 2019 acceleration is within the limitations period and is not at issue. Because the accelerations were either properly abandoned, rescinded, or live, Hadley cannot show that the Bank's lien was invalid.

To recover for quiet title, Hadley also must have paid the debt secured by the lien. He has not, so his claim to quiet title fails.

---

[3] *Costello v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.,* 689 Fed. App'x 253, 255 (5th Cir. 2017).

[4] *Leonard v. Ocwen Loan Servicing, L.L.C.,* 616 Fed. App'x 677, 680 (5th Cir. 2015).

4. *Conclusion.*

Conrell Hadley will take nothing from The Bank of New York Mellon and Carrington Mortgage Services, LLC.

Signed on March 24, 2021, at Houston, Texas.

                                        Lynn N. Hughes
                                  United States District Judge